**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald David CHERNEY,**
**Defendant–Appellant.**

No. 03–4225.

United States Court of Appeals,
Fourth Circuit.

Submitted Sept. 30, 2003.

Decided Oct. 9, 2003.

Christopher R. Clifton, Grace, Holton, Tisdale & Clifton, P.A., Winston Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

**OPINION**

PER CURIAM.

Ronald David Cherney drove the getaway car for two co-defendants who robbed an armored van as it made a delivery of money to an ATM machine. Cherney pled guilty to interference with commerce by robbery in violation of 18 U.S.C. §§ 1951, 2 (2000) (the "Hobbs Act"), and was sentenced to a term of 151 months imprisonment. Cherney appeals his sentence, contending that the district court clearly erred when it refused to give him an adjustment for having a minimal or minor role in the offense. *U.S. Sentencing Guidelines Manual* § 3B1.2 (2002). We affirm.

Cherney's co-defendants planned the robbery for several months. One of them was a former employee of the company that made the ATM deliveries and had driven the route where they carried out the robbery. Cherney became involved just before the robbery. He drove his co-defendants to the ATM site well before the scheduled delivery and then drove to another location. Armed with a submachine gun, the co-defendants accosted and tied up the armored van's driver and guard, drove the armored van to the place where Cherney was waiting, loaded the money into the getaway car, and torched the armored van.

In this circuit, a determination that a defendant merits a mitigating role adjustment depends on "not just whether the defendant has done fewer 'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir.2001) (internal quotation omitted). Cherney argues that his conduct was not essential because someone else could have been recruited to drive the getaway car. However, it was essential that someone drive it, and he agreed to do so. Cherney also contends that, under the 2001 amendment to § 3B1.2 (defining a "participant" as a person involved in the offense), his conduct should be compared only to the conduct of his co-defendants, not to a hypothetical "average" participant in an armored car robbery. Taking the amendment into account, as did the district court, we conclude that the district court did not clearly

err in finding that Cherney's conduct did not merit a mitigating role adjustment.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*